**WILLIAM R. GOODE - Oregon State Bar ID No. 840498**
    e-mail: goodewilliam@msn.com
WILLIAM R. GOODE,
Attorney at Law
P. O. Box 250
Glen Mills, PA 19342
    Voice Phone:  (503) 789-6337 (cell phone)
                    (610) 558-8239 (land line)
    Facsimile:  (610) 558-5941
ATTORNEY FOR PLAINTIFF

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| **TAMMY WALLACE, and** <br> **CHIP WALLACE,** <br><br>                      **Plaintiffs**, <br><br>        v. <br><br> **NCO FINANCIAL SYSTEMS, INC.; and** <br> **NATALIE "DOE",** <br><br>                      **Defendants**. | Case No.:  08-cv-834-KI <br><br> **C O M P L A I N T** <br><br> Fair  Debt Collection Practices Act Violations, and related state statutory claim. <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

### JURISDICTION AND VENUE

    1.     This is an action for statutory and other damages brought by a "consumers" for defendants' violations of the Fair Debt Collection Practices Act, 15 USC § 1692 <u>et</u> <u>seq</u>. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  This Court has jurisdiction under 15 USC § 1692k(d) and 28 USC § 1337, and supplemental jurisdiction under 28 USC § 1367(a) over any state law claim.

    2.  The claims arise from the defendants' attempts to directly or indirectly collect an alleged "debt" in Oregon by way of telephone contact and  through the U.S. mail.  The

allegations against the defendants set forth below are stated as separate counts to the extent that specific violations apply to separate transactions or claims for relief.

## PARTIES

3. The Plaintiffs are:

A) **TAMMY WALLACE** (hereinafter "Wallace") is a "consumer", as defined by 15 USC §1692a(3), who resides in Washington County, Oregon, and

B) **CHIP WALLACE** is the husband of Tammy Wallace, who resides at the same residence in Washington County, Oregon.

4. The defendants are:

A) **NCO FINANCIAL SYSTEMS, INC.** (hereinafter "NCO") is a corporation and debt collector as defined by of 15 USC § 1692a(6); and

B) **NATALIE "DOE"** (hereinafter "Natalie"), at all material times was acting within the scope of her employment with NCO, and is a debt collector as defined by 15 USC § 1692a(6).

## COUNT ONE
### (FDCPA - Validation Notice required under 15 USC § 1692g)

5. Plaintiffs re-allege paragraphs 3 and 4 above.

6. On or about September 20, 2007, NCO and Natalie, and made a "communication," as defined by 15 USC § 1692a(2), to Wallace by telephoning her at her residence and leaving a message on a recording machine in which defendants self identified themselves as debt collectors, and advised that the call was an attempt to collect a debt owed to AT&T as a commercial creditor to whom Wallace allegedly for cell phone service delinquent in the amount of $47.00.

PAGE 2 - COMPLAINT

7. Defendants did not send Wallace a validation notice of debt within five (5) days as required by 15 USC § 1692g(a).

8. NCO is liable to Wallace, under 15 USC § 1692k(a) for the sum of:

   (1) her actual damages of **$2,500.00** sustained by Wallace for her annoyance, upset, and inconvenience;

   (2) "additional damages" not exceeding a total of $1,000.00 as to NCO; and

   (3) her reasonable attorney fees and costs in this action.

9. Natalie is liable to Wallace, under 15 USC § 1692k(a) for the sum of:

   (1) her actual damages of **$2,500.00** sustained by Wallace for her annoyance, upset, and inconvenience;

   (2) a separate assessment of "additional damages" not exceeding a total of $1,000.00 as to Natalie ; and

   (3) her reasonable attorney fees and costs in this action.

## COUNT TWO
### (FDCPA - Communication with third parties in violation of 15 USC § 1692c(b))

10. Plaintiff re-alleges paragraphs 5 and 6.

11. On or about September 27, 2007, Defendants NCO and Natalie placed a second telephone call, as a "communication" to Wallace by telephoning her at her residence and leaving a message on a recording machine in which defendants again self identified themselves as debt collectors, and advised that the call was an attempt to collect a debt owed to AT&T as a commercial creditor to whom Wallace allegedly for cell phone service delinquent in the amount of $47.00.

12. As the message was left by Defendants, the message was contemporaneously

audible on a speaker, which was overheard by a third party not related to Wallace, a tutor who was present at the Wallace residence.

13. The message heard by the tutor was overheard without any prior consent being given to the Defendants, in violation of 15 USC § 1692c(b).

14. NCO is liable to Wallace, under 15 USC § 1692k(a) for the sum of:

   (1) her actual damages of **$25,000.00** sustained by Wallace for her embarrassment, damages to her reputation, and further annoyance, upset, and inconvenience;

   (2) the "additional damages" described in ¶ 8(2) above; and

   (3) her reasonable attorney fees and costs in this action.

15. Natalie is liable to Wallace, under 15 USC § 1692k(a) for the sum of:

   (1) her actual damages of **$25,000.00** sustained by Wallace for her embarrassment, damages to her reputation, and further annoyance, upset, and inconvenience;

   (2) a separate assessment of "additional damages" described in ¶ 9(2) above; and

   (3) her reasonable attorney fees and costs in this action.

**COUNT THREE**
**(Overshadowing of Disclosures**
**Required under 15 USC § 1692g(a))**

16. Plaintiff re-alleges paragraphs 5, 6, 11, 12, and 13.

17. After receipt of the two telephone messages left by the Defendants, Wallace telephoned NCO, spoke with Natalie and disputed the debt. During the telephone call Natalie told Wallace that Wallace could _**not**_ dispute the debt, and adamantly demanded

payment in full "today". Wallace told Defendants not to communicate with her again.

18.   Defendant's communication that Wallace could ***not*** dispute the debt overshadowed and were inconsistent with the disclosures required under 15 USC § 1692g(a) in violation of 15 USC § 1692g(b).

19.  On account of this violation, NCO is liable to Wallace, under 15 USC § 1692k(a) for the sum of:

>   (1)  her actual damages of **$ 7,500.00** sustained by Wallace for her embarrassment, and further annoyance, emotional upset, and inconvenience;
>
>   (2) the "additional damages" described in ¶ 8(2) above; and
>
>   (3) her reasonable attorney fees and costs in this action.

20.   On account of this violation, Natalie is liable to Wallace, under 15 USC § 1692k(a) for the sum of:

>   (1)  her actual damages of **$ 7,500.00** sustained by Wallace for her embarrassment, and further annoyance, emotional upset, and inconvenience;
>
>   (2) a separate assessment of "additional damages" described in ¶ 9(2) above; and
>
>   (3) her reasonable attorney fees and costs in this action.

### COUNT FOUR
**(Harassment of Abuse in violation of 15 USC § 1692d, as to both Tammy Wallace and Chip Wallace)**

21.  Plaintiff re-alleges paragraphs 5, 6, 11, 12, 13, 17 and 18.

22.  On or about October 2, 2007, Wallace received a communication from NCO

purporting to provide the notice required under 15 USC § 1692g(a).

23. On October 8, 2007, Natalie called the Wallace residence and spoke with Chip Wallace, Wallace's husband. Notwithstanding earlier instructions given to her, she pushed for payment of the full amounts disclosed in the written communication received. She was again told not to communicate with the Wallaces regarding the debt.

24. Defendants NCO and Natalie engaged in telephone and written communications repeatedly or continuously with the intent to annoy, abuse, or harass both Tammy Wallace and Chip Wallace.

25. On account of this violation, NCO is liable to Tammy Wallace, under 15 USC § 1692k(a) for the sum of:

>  (1) her actual damages of **$ 5,000.00** sustained by Wallace for her embarrassment, and further annoyance, emotional upset, and inconvenience;
>
>  (2) the "additional damages" described in ¶ 8(2) above; and
>
>  (3) her reasonable attorney fees and costs in this action.

26. On account of this violation, Natalie is liable to Tammy Wallace, under 15 USC § 1692k(a) for the sum of:

>  (1) her actual damages of **$ 5,000.00** sustained by Wallace for her embarrassment, and further annoyance, emotional upset, and inconvenience;
>
>  (2) the "additional damages" described in ¶ 8(2) above; and
>
>  (3) her reasonable attorney fees and costs in this action.

27. On account of this violation, NCO is liable to **Chip Wallace**, under 15 USC § 1692k(a) for the sum of:

(1) Chip Wallace's actual damages of **$25,000.00** sustained by him for his embarrassment, annoyance, emotional upset, and inconvenience;

(2) "additional damages" not exceeding a total of $1,000.00 as to NCO for Chip Wallace; and

(3) reasonable attorney fees and costs in this action.

28. On account of this violation, Natalie is liable to Chip Wallace, under 15 USC § 1692k(a) for the sum of:

(1) Chip Wallace's actual damages of **$25,000.00** sustained by him for his embarrassment, annoyance, emotional upset, and inconvenience;

(2) "additional damages" not exceeding a total of $1,000.00 as to NCO for Chip Wallace; and

(3) reasonable attorney fees and costs in this action.

**COUNT FIVE**
**(False or Misleading Representations**
**in violation of 15 USC § 1692e)**

29. Plaintiff re-alleges paragraphs 5, 6, 11, 12, 13, 17, 18, 22 and 23.

30. The written communication received dated September 26, 2007, misrepresented the character, amount, and legal status of the AT&T debt by claiming that the principal amount due was **$49.00,** and that NCO or AT&T lawfully had an entitlement to add a collection charge in the amount of $8.82, for a total debt allegedly owed of **$57.82**, and that the alleged debt could by increased by interest and other charges, all in violation of 15 USC § 1692e(2).

31. Further, one or more of the oral communications re-alleged herein failed to fully

comply with 15 USC § 1692e(11).

    32.    On account of this violation, NCO is liable to Tammy Wallace, under 15 USC § 1692k(a) for the sum of:

        (1) her actual damages of **$10,000.00** sustained by Wallace for her embarrassment, and further annoyance, emotional upset, and inconvenience;

        (2) the "additional damages" described in ¶ 8(2) above; and

        (3) her reasonable attorney fees and costs in this action.

    33.    On account of this violation, Natalie is liable to Tammy Wallace, under 15 USC § 1692k(a) for the sum of:

        (1) her actual damages of **$10,000.00** sustained by Wallace for her embarrassment, and further annoyance, emotional upset, and inconvenience;

        (2) the "additional damages" described in ¶ 8(2) above; and

        (3) her reasonable attorney fees and costs in this action.

### COUNT SIX
### (Unfair Practices in violation of 15 USC § 1692f)

    34.    Plaintiff re-alleges paragraphs 5, 6, 11, 12, 13, 17, 18, 22, 23, and 30.

    35.    Notwithstanding all of the previous direct or indirect communications with Wallace, in attempting to collect the amounts specified in the first written communication, when after being advised of the true status of the previous debt with AT&T, Defendants NCO and Natalie persisted in attempting to collect these false amounts and entitlements by a further dunning notice dated October 27, 2007, and received by Tammy Wallace.

36. On account of this violation, NCO is liable to Tammy Wallace, under 15 USC § 1692k(a) for the sum of:

> (1) her actual damages of **$25,000.00** sustained by Wallace for her embarrassment, and further annoyance, emotional upset, and inconvenience;
>
> (2) the "additional damages" described in ¶ 8(2) above; and
>
> (3) her reasonable attorney fees and costs in this action.

37. On account of this violation, Natalie is liable to Tammy Wallace, under 15 USC § 1692k(a) for the sum of:

> (1) her actual damages of **$25,000.00** sustained by Wallace for her embarrassment, and further annoyance, emotional upset, and inconvenience;
>
> (2) the "additional damages" described in ¶ 8(2) above; and
>
> (3) her reasonable attorney fees and costs in this action.

## SUPPLEMENTAL STATE CLAIM

### COUNT SEVEN
### (Oregon Unlawful Debt Collection violations by Defendants)

38. Plaintiff Tammy Wallace re-alleges paragraphs 34 and 35.

39. The defendants NCO and Natalie attempted to collect or collected a debt allegedly owed to a commercial creditor.

40. NCO and Natalie's communications violated ORS 646.639(2)(e).

41. NCO and Natalie violated the Oregon act, by willfully attempting to enforce a right or remedy with reason to know the right or remedy did not exist and in willfully attempting to collect charges in excess of an actual debt, in violation of ORS 646.639(2)(k),

PAGE 9 - COMPLAINT

WILLIAM R. GOODE
*Attorney at Law*
P O Box 250
Glen Mills, PA 19342

(m) and (n), by attempting to collect a $8.82 collection fee, and for a debt that did not exist, nor did NCO have an assignment thereto that entitled it to collect said debt in Oregon.

42. Plaintiff Tammy Wallace was injured as a result of Defendant's actions and she is entitled to the sum of her actual damages **$47,500.00,** set forth herein in paragraphs 14, 19, 25, and 32, said amounts re-alleged herein, or such higher amount if her credit reputation has been damaged by NCO's reporting, or $200.00 each and other relief pursuant to ORS 646.641, and her reasonable attorney fees.

43. NCO and Natalie routinely attempt to collect debts of this type, without obtaining sufficient documentation including but not limited to copies of account applications or agreements signed by the debtors to verify disputed accounts in compliance with federal law, and the court should impose punitive damages for this claim against both defendants in the amount of **$75,000.00** or such greater sum sufficient to deter such conduct.

WHEREFORE plaintiffs demand a jury trial and the relief set forth below.

1. For Tammy Wallace:

    A) Actual Damages against each Defendant, not to exceed a total of $ 75,000, as set forth in:

    1) Count One in the amount of $ 2,500; plus

    2) Count Two in the amount of $ 25,000; plus

    3) Count Three in the amount of $ 7,500; plus

    4) Count Four in the amount of $ 5,000; plus

    5) Count Five in the amount of $10,000; plus

    6) Count Six in the amount of $25,000.

    B) Or in the alternative to Counts Two, Three, Four, and Five; the greater of Actual Damages in the amount of $47,500, or the statutory minimum.

    C) Additional Statutory Damages against NCO of $1,000;

    D) Additional Statutory Damages against Natalie Doe of $1,000; and.

PAGE 10 - COMPLAINT

  E) Punitive Damages under the Oregon Act in the amount of $75,000, as to each defendant.

2. For Chip Wallace on Count Four:

  A) Actual Damages in the amount of $25,000 against each Defendant; and

  B) Additional Statutory Damages against NCO of $1,000;

  C) Additional Statutory Damages against Natalie Doe of $1,000; and

3. For Plaintiffs, their reasonable attorney fees and costs under the federal or state claims.

4. Plaintiffs demand a jury trial.

  Dated this __15th__ day of July, 2008.


        /s/ *William R. Goode*
        **WILLIAM R. GOODE**
        OSB 840498
        (503) 789-6337
        Attorney for Plaintiff